## HARRIS v. KEEHN et al

### SYLLABUS BY THE COURT.

A tenant in possession under an unexpired lease who has not abandoned the premises, although not upon them when entry thereon is made, has a right to the possession of said premises against the world and may recover damages from one who disturbs or deprives him of such possession.

Appeal from District Court, Lincoln County; Richardson, Judge.

Suit by Thomas Keehn and William H. Keehn against William R. Harris, Mary Harper, and another. Judgment for plaintiffs against defendants Harris and Mary Harper, and Harris brings error. Affirmed.

R. D. BOWERS, of Roswell, for plaintiff in error.

G. B. BARBER, of Carrizozo, for defendant in error.

### STATEMENT OF FACTS.

This case arose out of the following facts: The defendants in the court below, Monroe Harper and Mary Harper, were the owners of 160 acres of land known as the Bar Circle Z ranch in Lincoln county. On September 13, 1913, said defendants executed a five-year lease to the plaintiffs, Thomas Keehn and William Keehn, and the plaintiffs went into possession thereunder and remained in possession until December 1, 1913, or April,

1914; the exact date not being material for the purpose of the case. Some time in February or March, 1914, the two defendants, the Harpers, sold the ranch in ques- tion to Harris, the plaintiff in error herein, and gave him a warranty deed dated April 9, 1914, under which he took possession about that time. On August 25, 1914, plaintiffs began suit against the three defendants, the two Harpers and Harris, alleging in their second amend- ed complaint a conspiracy to deprive them of their pos- session and various acts of the defendants the Harpers, and further alleging that they were evicted by the de- fendants as the result of this conspiracy. The plaintiffs claimed damages from the said three defendants in the sum of $28,800.

The defendants, the Harpers, filed their answer; but, as neither of them joined in the writ of error sued out by the defendant Harris, it is not necessary to consider the case except as to the last-named defendant.

The demurrer of the defendant Harris to the second amended complaint was overruled, and the latter filed an amended answer which was in effect a general denial of the material allegations of the second amended com- plaint.

The case was tried without a jury, and judgment was rendered for the plaintiffs against the two defendants Mary S. Harper and William Harris for the sum of $2,000; the other defendant, Monroe Harper, having died prior to the rendition of the judgment.

At the request of the defendant Harris, the trial court found the facts as follows:

"(1)    Said defendant requests the court to find as a matter of fact that the said defendant William R. Harris did not evict the plaintiffs from the premises covered by the lease involved.
    "Answer: The court so finds in this case.

"(2)    The defendant requests the court to find as a matter of fact that he, the said defendant, had no part and took no part in the acts of the defendants Harper, which the court has found amounted to an eviction of said plaintiffs.

"Answer: The court so finds in this case.

"(3)  The said defendant requests the court to find as a matter of fact that, at the time this defendant took possession of said premises under the deed received by him of said Harpers, the plaintiffs had already abandoned said premises either by reason of the acts of said defendants Harper, or otherwise, and that this defendant took peaceable possession of said premises.

"Answer: The court so finds that the plaintiffs were not on the premises in question at the time the defendant Harris went into possession; that Harris took peaceable possession of the premises; and that the plaintiffs had not actually abandoned the premises, but were not thereon when the defendant Harris went into possession.

"(4)  The said defendant requests the court to find as a matter of fact that at the time this defendant took possession of said premises he did not have actual notice of the lease existing between the plaintiffs and the defendants Harpers, but had only such constructive notice of same as was imparted by the record of said lease in the office of the county clerk of Lincoln, N. M.

"Answer:  The court finds that the defendant Harris had both actual and constructive notice of the lease in question in this case at the time he took possession of the premises in question; that the constructive notice was imparted by the record of said lease in the office of the county clerk at Carrizozo, Lincoln county, N. M."

From the judgment of the trial court the defendant, Harris, sued out a writ of error to this court and assigned six errors which may all be included in the general assignment, that the court erred in rendering judgment against the defendant, Harris, contrary to the findings of fact.

OPINION OF THE COURT.

RAYNOLDS, J.  (after stating the facts as above.) As shown by the statement of facts, this is a suit to recover damages in tort against three defendants for conspiracy to deprive the plaintiffs of the benefit of a lease from the defendants Harper to the plaintiffs. The trial court found as a fact that the defendant Harris did not conspire with the other two defendants, nor did he take any part in what the court found to be an

eviction of the plaintiffs by the Harpers. The court further found that the defendant Harris took possession of the premises, and that plaintiffs were not on the premises when such possession was taken. Under this state of findings by the court, the plaintiff in error, Harris, contends that the court below erred in finding against him. No specific findings of fact were asked by the defendants in error in the court below and none were made by the court, except in a short written opinion in which the court ''finds that the ranch property did not produce the income annually as claimed by the plaintiffs,'' and further he ''finds the issues in favor of the plaintiffs and fixes the damages at $2,000, based upon the alfalfa crop, the apples, and the general crops grown on the place.''

It will be noted that the court in the third finding found that the plaintiffs had not actually abandoned the premises, but were not thereon when the defendants went into possession, and in the fourth finding that the defendant Harris had actual and constructive notice of the lease from the Harpers to the plaintiffs at the time he took possession. It further appears from the transcript of the testimony that Harris admitted that the plaintiffs came upon the property and demanded possession from him on August 28, 1914, as is alleged in the plaintiff's second amended complaint.

There also appears in plaintiff's second amended complaint the allegation that the defendant Harris entered upon the plaintiff's property without plaintiff's consent. Counsel for defendants in error, plaintiffs below, argued in his brief that Harris became a joint tort-feasor together with the Harpers in evicting plaintiffs, and asks for an affirmance of the judgment below upon that ground. But the court specifically found that Harris did not conspire in the eviction of the plaintiffs by the Harpers, nor did he have anything to do with the acts which the court held amounted to an eviction of the plaintiffs. The decision below cannot be sustained

upon that ground. The action as stated before, is an action in tort, and the decision below may be sustained upon the ground of the well-known principle of law that a tenant in possession has the right to such possession against the world during the continuance of his lease and may maintain an action for damages for the disturbance or deprivation of such possession. Jones on Landlord and Tenant, § 349; 24 Cyc. 1056; Dec. Dig. subject "Landlord and Tenant," § 132, and cases cited. That the defendants in error could have sued Harris in ejectment to regain possession and for damages does not deprive them of the right to sue in tort for interference with their possession. The plaintiffs below might have also waived the tort and sued the defendant Harris on the lease of his grantors, the Harpers, under the well-known principle that a covenant of quiet enjoyment runs with the land and binds the transferee of the reversion. Gidden v. Second Investment Co., L. R. A. 1915C, p. 220, and cases cited. The plaintiffs chose to sue in tort for the disturbance of their possession. The complaint contains allegations of entry by the defendant Harris without right and refusal to vacate. The trial court found that the plaintiffs had not abandoned the premises at the time Harris entered, and that Harris had actual and constructive notice of the outstanding lease, and awarded damages against Harris on the basis as stated in his written opinion of the value of the outstanding leasehold estate in the plaintiffs of which they were deprived. The proof in the case sustained these allegations in the complaint, and although the court found that the defendant Harris had no part in the conspiracy or wrongful acts of the defendants Harper, he nevertheless held the defendant Harris liable for his entry and retention of the plaintiffs' outstanding leasehold. The decision of the lower court is sustained by the evidence and the findings, and its decision is the correct legal conclusion from the facts so found.

The decision of the lower court is therefore affirmed, and it is so ordered.

PARKER, C. J. and ROBERTS, J., concur.