[No. 3065, Sept. 8, 1927.]

## SCHAEFER v. WHITSON.

[259 P. 618.]

### SYLLABUS BY THE COURT

In replevin of automobile, it being alleged and denied that defendant bought it with knowledge that plaintiff held t'tle under conditional sale contract, and proof of knowledge being essential to recovery, judgment for plaintiff in the absence of such proof violates a fundamental right which this court will protect, though the question is first raised on appeal.

Appeal from District Court, Bernalillo County; Ryan, Judge.

Replevin by Emma C. Whitson, trading under the name of the Whitson Music Company, against W. A. Schaefer. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See, also, 241 P. 31.

Thomas J. Mabry, of Albuquerque, for appellant.

George S. Klock and M. J. McGuinness, both of Albuquerque, for appellee.

### OPINION OF THE COURT

WATSON, J. Plaintiff, suing in replevin for the recovery of an automobile, alleged in her complaint that, being the owner of it, she made a written contract in September, 1923, to sell it to one Shepard upon payments, retaining the title in herself until the payments should have been made; that in April, 1924, Shepard sold and delivered the car to. defendant; and that he took the car, with knowledge of the contract and of Shepard's default in the payments. Defendant, by answer, denied that he bought, received, or took the car "with knowledge of any claim, mortgage, lien or contract of the plaintiff concerning said automobile."

The cause was set for trial, and defendant failed to

[1] 3CJ p. 839 n. 36. [2] 35 Cyc. p. 690 n. 76. [3] 35Cyc p. 709 n. 41 New.

appear. A jury was impaneled and evidence introduced. At the close of the evidence the jury, by direction of the court, returned a verdict for plaintiff, assessing the value of the property at $500. Judgment was entered pursuant to the verdict. Motions for a new trial and to vacate the judgment were interposed and overruled, and this appeal was taken.

[**2, 3**] The only error urged in this court is that the evidence fails to support the judgment. It is pointed out that there was no evidence whatever to prove the fact alleged by the complaint and denied by the answer, that appellant took the car with knowledge of appellee's rights. This, of course, was an essential fact, since, under chapter 8, Laws 1923, the conditional sales contract, not having been recorded, was void against purchasers for value without notice.

[**1**] Appellee does not contend that there was any proof of knowledge on the part of appellant, and the record shows that there was none. She contends, however, that the error, not having been brought to the attention of the trial court by exception or otherwise, is unavailable here. She also contends that there was no sufficient denial of knowledge to put her to proof of the fact. The latter contention, however, is without merit.

Laws of 1917, c. 43, § 37, provides as follows:

"Exceptions to the decisions of the court upon any matter of law arising during the progress of a cause must be taken at the time of such decision and no exceptions shall be taken in any appeal to any proceeding in a district court except such as shall have been expressly decided in that court; provided, that no exception shall be required to be reserved in the trial of equity cases or cases before the court in which a jury has been waived."

This section has been many times considered by this court. Appellant relies upon the leading case of State v. Garcia (on rehearing), 19 N. M. 421, 143 P. 1012. The present Chief Justice, speaking for the court, there said that this section precludes a party from insisting upon relief as to matters not decided by the trial court because not brought to his attention, but that the sta-

tute does not affect the inherent power of this court to see that a man's fundamental rights are protected in every case. The fundamental right involved in that case was the right not to be deprived of liberty upon uncontradicted evidence affirmatively showing innocence.

In a later opinion of this court, also written by Chief Justice Parker, it was held, upon the same principle, that a judgment quieting title upon a void tax deed violated a fundamental right which this court should intervene to protect, even though the question was raised here for the first time. Crawford v. Dillard (on motion for rehearing), 26 N. M. 295, 191 P. 513. So property as well as liberty may be the subject matter of a fundamental right; and where the undisputed evidence affirmatively shows the violation of that right, the inherent power of this court may be invoked. In the case at bar, it is property in an automobile that is involved. There can be no fundamental difference between taking land under a void tax sale and taking an automobile under a void conditional sale contract.

It may be suggested that the present case differs from State v. Garcia and Crawford v. Dillard, since in those cases the undisputed evidence affirmatively showed the unlawful taking of liberty in the one case and of property in the other, while in the case at bar there is a mere failure of proof to justify taking the automobile. But that situation is covered by the recent case of State v. Taylor (N. M.) 252 P. 984. There a conviction of statutory rape was set aside because the state, being under the burden of corroborating the prosecutrix's inherently improbable testimony, failed to do so. Failure of proof essential to conviction was held, like uncontroverted and affirmative proof of innocence, a matter for notice by this court, even though here first suggested. So it seems that the distinctions between the case at bar and State v. Garcia are of no importance, as held in other decisions of this court, and that the present case is controlled by them.

In State v. Garcia, it was said that our inherent power

to protect fundamental rights is discretionary and to be guardedly used. The general principles governing its exercises were thus stated:

" * * * Only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims; nor will we consider the weight of evidence if any substantial evidence was submitted to support the verdict. If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here."

Appellant's right to be protected in the possession of his property is fundamental. His objection is not strictly legal, technical or unsubstantial. It goes to the very right itself. It does not involve weight but total lack of evidence. It does not appear that substantial justice has been done. On the contrary, considering where the burden of proof rested, it appears that the property has been taken from its owner and given to one without lawful claim upon it. So our discretion seems to be properly invoked.

There is one other distinction between this case and those cited. The defendant was not present or represented at the trial. Counsel for appellee seems to think the rule should be different in such a case. The default was not one of pleading, by which alleged facts, not denied, are to be considered admitted. The fact in question on this appeal was denied under oath. It seems to us that a party not present at all, and thus, though by his own default, unable to object, should not be in a worse position to have facts reviewed than one who was actually present and stood by without objecting, thus contributing to the error.

The error in this case was, of course, inadvertant. Had the attention of the learned trial judge been called to the condition of the evidence, he would undoubtedly have directed a verdict for the defendant rather than one for the plaintiff. It is to be regretted that the matter was not specifically called to his attention in the motions for a new trial and to vacate the judgment, so that appellant's fundamental right could have been

protected without the delay and expense of this appeal. In this connection it is fair to say that appellant's present counsel did not represent him in the trial court.

The judgment must be reversed and the cause remanded for a new trial, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.