320 P.2d 1017

STATE of New Mexico, Plaintiff-Appellant,

v.

Nelson H. BEGAY, Defendant-Appellee.

No. 6292.

Supreme Court of New Mexico.

Jan. 22, 1958.

Rehearing Denied Feb. 13, 1958.

Fred M. Standley, Atty. Gen., Frank H. Patton, Sp. Asst. Atty. Gen., Robert F. Pyatt, Asst. Atty. Gen., for appellant.

Tansey & Rosebrough, Farmington, for appellee.

KIKER, Justice.

The appellee, Nelson H. Begay, is a Navajo Indian who was arrested on May 7, 1957 by an officer of the New Mexico State Police on the right of way of U. S. Highway 666, south of Shiprock, New Mexico, and within the exterior boundaries of the Navajo Reservation. He was taken to the office of the justice of the peace for Precinct No. 13, County of San Juan, State of New Mexico, and charged with three violations of state law, to-wit: driving while intoxicated, driving after revocation of driver's license, and being involved in an accident while driving when intoxicated.

Appellee was tried and convicted of the charges in the justice of the peace court

and interned in the county jail. On May 27, 1957, appellee filed his petition for writ of habeas corpus in the district court of San Juan County and prayed for his release from imprisonment. Appellee in his petition challenged the jurisdiction of the state courts over the subject matter and contended that the judgment of the justice of the peace was a nullity.

The district judge issued the writ of habeas corpus directed to the sheriff directing that the body of the appellee be produced at the court house at Aztec, New Mexico, for hearing. At the hearing the court held that the justice of the peace was without authority or right to impose the sentence on the appellee and that he had been deprived of his liberty without due process of law. The court ordered appellee be released and restored to his liberty. Appeal was taken from such order and judgment of the district court.

Highway 666 was constructed under a grant from the United States to the State of New Mexico of an easement to the land for the right of way under discussion herein. A map was introduced in evidence at the hearing on the Petition for writ of habeas corpus which describes this particular highway and upon which the right of way is delineated. This map bears a notation of approval of the Department of the Interior of the United States which reads, as follows:

"Department of the Interior, April 29, 1926, approved as of date of December 23, 1925, subject to the provisions of the Act of March 3, 1901 (31 Stat.L. 1058–1084) Department regulations thereunder; and subject also to any prior valid existing right or adverse claim.

"/s/   William H. Edwards
"William H. Edwards
"Assistant Secretary."

The Department regulation cited in the approval is Title 25 U.S.C.A. § 311, reading:

"The Secretary of the Interior is authorized to grant permission, upon the compliance with such requirements as he may deem necessary, to the proper State or local authorities for the opening and establishment of public highways, in accordance with the laws of the State or Territory in which the lands are situated, through any Indian reservation or through any lands which have been alloted in severalty to any individual Indian under any laws or treaties but which have not been conveyed to the allottee with full power of alienation. (Mar. 3, 1901, c. 832, § 4, 31 Stat. 1084.)"

◼  The approval granted by the Department of the Interior to the state to construct Highway 666 was subject to the provisions of 25 U.S.C.A. § 311 which

authorizes the Secretary of the Interior " * * * to grant permission * * * for the opening and establishment of public highways * * *." Nothing more than an easement granted to the state can be found here. An easement is distinguished from a fee and constitutes a liberty, privilege, right or advantage which one has in the land of another, 28 C.J.S. Easements § 1, pp. 619, 623.

The State of New Mexico lacks jurisdiction over Indian lands within the state until and unless the title of the Indian or Indian Tribes shall have been extinguished. Until such extinguishment of title, the lands involved are subject to the absolute jurisdiction and control of the Congress of the United States. Constitution of New Mexico, Art. XXI, Sec. 2. We hold that the authority under which the State was permitted to construct Highway 666 through, and over, the Navajo Indian reservation failed to extinguish the title of the Navajo Indian Tribe.

The appellant relies heavily upon the case of State v. Tucker, 237 Wis. 310, 296 N.W. 645. That case also involved a highway right of way through an Indian reservation granted to the State by the Department of the Interior. The court held that the permission given to construct and maintain the highway by the Secretary of the Interior under 25 U.S.C.A. § 311 destroyed the Indian's title to the land included in the highway right of way. Thus, with the title in the Indians extinguished, the land came under the jurisdiction of the state. State v. Tucker adopted a rule of law which was taken from the earlier cases of Johnson v. McIntosh, 8 Wheat. 543, 5 L.Ed. 681; Veeder v. Guppy, 3 Wis. 502; Beecher v. Wetherby, 95 U.S. 517, 24 L.Ed. 440. Generally, these cases hold that the title of the Indians was a right of occupancy, a possessory right, and not a fee. In State v. Tucker the court went further and said that when the United States granted permissive use to the State it had the effect of extinguishing the title in the Indians and, therefore, the land in question came under the jurisdiction and control of the State.

In the case of Ex parte Konaha, D. C., 43 F.Supp. 747, a Menominee Indian was charged with negligent homicide as a result of driving his automobile while under the influence of alcoholic beverages and causing the death of another Indian of the Tribe. The incident upon which the charge was based took place on a portion of State Highway 47 in Wisconsin which is located entirely within the boundary of the Menominee Indian Reservation. Upon his conviction, Konaha filed an application for writ of habeas corpus. The court considered the decision in State v. Tucker and found that decision to be unsound and considered it not binding.

State Highway 47 was again involved in the case of In re Fredenberg, D. C., 65 F.Supp. 4. There, a Menominee Indian was convicted of violating a state statute which prohibited the operation of an unregistered motor vehicle on a state highway. Upon application for a writ of habeas corpus, the petitioner contended, much the same as the appellee argues in the instant case, that since the alleged offense occurred upon that portion of the highway which was constructed upon the Indian reservation by the state with the permission of the federal government under authority of 25 U.S.C.A. § 311, the state was without jurisdiction. The court specifically stated at page 5 of 65 F.Supp. that State v. Tucker was decided wrong and continued at page 6 to say:

"I believe it is now firmly established that the Indian title is equivalent to beneficial ownership and I believe that the granting of an easement for the purpose of constructing and maintaining a highway did not extinguish the Indians' underlying title. By the establishment of the highway the existing relationship of the Indians to the State was not altered. The easement which the State has to construct and maintain the highway is limited in character. The State accepted the easement on that limited basis.

"* * * There is no legitimate implication to be drawn that Congress intended any grant of jurisdiction when it permitted the State primarily for its own convenience to establish a State highway across the reservation."

In re Fredenberg presents the same problem that we have before us here. In the instant case when the federal government permitted the State to construct a highway across the Indian reservation it did not extinguish beneficial title in the Indians. Since the State has no jurisdiction over Indian reservations until title in the Indians is extinguished, and the easement to the State did not affect the beneficial title, there is no basis upon which the State can claim jurisdiction.

The appellant cites much authority in an attempt to sustain its contention that the State did have jurisdiction in this matter. In re Fredenberg deals, however, with this very same problem. The facts in that case are the same as we have here with only the state statute violated being different. We feel that we must be guided by so similar a case, so carefully thought out. The judgment of the lower court should be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.