379 P.2d 66

**STATE of New Mexico, Plaintiff-Appellant,**

**v.**

**Alvin K. WARNER, Defendant-Appellee.**

No. 7180.

Supreme Court of New Mexico.

Feb. 19, 1963.

W. R. Kegel, Sp. Asst. Atty. Gen., Santa Fe, for appellant.

John Quinn, U. S. Atty., John A. Babington, Asst. U. S. Atty., Albuquerque, amicus curiae.

Baggett & Baggett, Farmington, for appellee.

NOBLE, Justice.

Defendant, who is not an Indian, was charged with driving while under the influence of intoxicating liquors. Based upon a stipulation that the alleged criminal offense occurred within the boundaries of the Navajo Indian Reservation, the trial court dismissed the criminal complaint for lack of jurisdiction. The state has appealed. The single question presented is whether the State of New Mexico has jurisdiction to arrest and try a non-Indian for a criminal offense occurring within an Indian reservation, where no Indian or Indian property is involved.

The trial court was undoubtedly influenced by what it may have considered controlling language in State v. Begay, 63 N.M. 409, 320 P.2d 1017, holding that the New Mexico exclusionary clause, art. XXI, § 2, New Mexico Constitution, denies the state and its courts all jurisdiction over Indian lands unless and until the title of the Indian and Indian tribes has been extinguished thereto.

Similar exclusionary clauses, however, were construed by the Supreme Court of the United States in Organized Village of Kake v. Egan, 369 U.S. 60, 82 S.Ct. 562, 7 L.Ed. 2d 573, decided March 5, 1962, as not excluding the state from all jurisdiction to such lands. The court there construed such an exclusionary clause thus:

"The disclaimer of right and title by the State was a disclaimer of proprietary rather than governmental interest."

State v. Begay, supra, holds that an easement over Indian lands granted to the state for highway purposes does not extinguish the Indian title, and that the state lacks jurisdiction to try an Indian for a criminal offense committed on Indian reservation lands. To that extent we reaffirm the principles of Begay. The language of Begay, denying the state any governmental power over Indians or Indian lands until the title of the Indian or Indian tribes shall have been extinguished, was in effect modified by Your Food Stores, Inc. (NSL) v. Village of Espanola, 68 N.M. 327, 361 P.2d 950, to mean that the state lacks jurisdiction within the boundaries of an Indian reservation, "except where such jurisdiction has been specifically granted by Act of Congress, or sanctioned by decisions of the Supreme Court of the United States." It was pointed out in Montoya v. Bolack, 70 N.M. 196, 372 P.2d 387, that Begay need not have

been decided on the "exclusive jurisdiction" basis, because it involved the trial of an Indian for an offense committed on the reservation. In Montoya, we further said: "There is not and never has been what might be termed 'exclusive federal authority'" over Indian lands, merely because the lands are within an Indian reservation. Thus, to the extent that State v. Begay, supra, conflicts with Your Food Stores, Inc. (NSL) v. Village of Espanola, supra, and Montoya v. Bolack, supra, it is expressly overruled.

The extent to which a state may exercise its criminal jurisdiction within the boundaries of an Indian reservation lying within the state was clearly expressed by Mr. Justice Black, speaking for the United States Supreme Court, in Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251. After pointing out that the constitutionality of state statutes seeking to impose state laws and courts on Indians were tested in Worcester v. Georgia, 6 Pet. 515, 31 U.S. 515, 8 L.Ed. 483 and Georgia's assertion of power over Indians held to be invalid, Williams reviewed the history of state jurisdiction over Indian lands as announced by the decisions of the United States Supreme Court subsequent to Worcester, by which the effect of that decision had been somewhat modified from time to time. Williams v. Lee, supra, appears to us to clearly explain the extent of state jurisdiction over crim-

inal offenses committed on Indian reservation lands, and the limits beyond which the state lacks jurisdiction. It was there said:

"* * * Over the years this Court has modified these principles in cases where essential tribal relations were not involved and where the rights of Indians would not be jeopardized, but the basic policy of Worcester has remained. Thus, suits by Indians against outsiders in state courts have been sanctioned. See Felix v. Patrick, 145 U.S. 317, 332, 12 S.Ct. 862, 867, 36 L.Ed. 719, 726; United States v. Candelaria, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023. See also Harrison v. Laveen, 67 Ariz. 337, 196 P.2d 456. And state courts have been allowed to try non-Indians who committed crimes against each other on a reservation. E. g., People of New York ex rel. Ray v. Martin, 326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261. But if the crime was by or against an Indian, tribal jurisdiction or that expressly conferred on other courts by Congress has remained exclusive. Donnelly v. United States, 228 U.S. 243, 269–272, 33 S.Ct. 449, 458–459, 57 L.Ed. 820 [831, 832] [Ann.Cas.1913E, 710]; Williams v. United States, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962. Essentially, absent governing Acts of Congress, the question has always been whether the state action infringed on the right of reservation Indians to make their own laws and be ruled by them. Cf. Utah & Northern Railway Co. v. Fisher, 116 U.S. 28, 6 S.Ct. 246, 29 L.Ed. 542."

Among other cases which have held that a state has jurisdiction to arrest and try a non-Indian for an offense against another non-Indian on an Indian reservation, or which have recognized that right are: Draper v. United States, 164 U.S. 240, 17 S.Ct. 107, 41 L.Ed. 419; United States v. McBratney, 104 U.S. 621, 26 L.Ed. 869; N. Y. State of New York ex rel. Ray v. Martin, 326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261; State v. Kuntz (N.D.1954), 66 N.W.2d 531; State ex rel. Olson v. Shoemaker, 73 S.D. 120, 39 N.W.2d 524 (1949); Hilderbrand v. United States, (9th Cir., 1958), 261 F.2d 354; State v. Holthusen (1962), 261 Minn. 536, 113 N.W.2d 180. We recognize the jurisdiction of state courts over non-Indians who commit crimes against each other on reservation lands in Your Food Stores, Inc. (NSL) v. Village of Espanola, supra. See, also, Montoya v. Bolack, supra, where the court discussed the history of congressional authorization and sanction of some jurisdiction by the states over Indian lands.

We conclude that the exercise of jurisdiction by state courts over criminal offenses on Indian reservation lands, by non-Indians, against non-Indians and where no Indian property is involved would not affect

**422**

the authority of the tribal counsel over reservation affairs and, therefore, would not infringe on the right of the Indians to govern themselves.

■ We consider the extent and limit of the jurisdiction of the courts of New Mexico, announced in Williams v. Lee, supra, controlling. To paraphrase the holding of that court in that respect, we conclude that the New Mexico State Courts have jurisdiction over criminal offenses committed on an Indian reservation within this state, by non-Indians, which are not against an Indian nor involving Indian property.

■ By the Act of August 15, 1953, ch. 505, §§ 6 and 7, 67 Stat. 590, Congress granted any state the right to assume jurisdiction over reservation Indians if the State Legislature or the people vote affirmatively to accept such responsibility. New Mexico has not assumed the burdens nor accepted such responsibility. It need not do so for the limited jurisdiction herein expressed.

The order dismissing the criminal complaint is reversed and the cause remanded with instructions to reinstate the criminal complaint on the docket and proceed in a manner not inconsistent with what has been said.

IT IS SO ORDERED.

COMPTON, C. J., and CARMODY, CHAVEZ and MOISE, JJ., concur.