398 P.2d 49

G. Harry BATCHELOR, Plaintiff-Appellee,

v.

Joe B. CHARLEY and Sarah Charley, Defendants-Appellants.

G. Harry BATCHELOR, Plaintiff-Appellee,

v.

Norman YAZZIE and Christine Yazzie,

Defendants-Appellants.

No. 7500.

Supreme Court of New Mexico.

Jan. 4, 1965.

James H. Milling, Aztec, for appellants.
Charles L. Craven, Aztec, for appellee.

NOBLE, Justice.

Plaintiff (appellee) brought suit on a promissory note in the district court of San Juan County, New Mexico, against Joe B. Charley and Sarah Charley, appellants, Navajo Indians, who lived on land leased to them by the United States under the Taylor Grazing Act, not within the boundaries of an Indian reservation. Defendants, by special appearance only, challenged the jurisdiction of the state court, and have appealed from an adverse judgment. This appeal presents the single question whether Art. XXI, § 2 of the New Mexico Constitution denies a state court jurisdiction over a non-reservation Indian who was served with process on Taylor Grazing Act land, leased to such Indian by an agency of the United States.

The disclaimer clause of Art. XXI, § 2 of the New Mexico Constitution, by which

the state disclaimed all right, title and interest,

"* * * to all lands lying within said boundaries owned or held by any Indian or Indian tribes, the right or title to which shall have been acquired through the United States, * * *; and that until the title of such Indian or Indian tribes shall have been extinguished the same shall be and remain subject to the disposition and under the absolute jurisdiction and control of the Congress of the United States; * * *."

has been invoked as denying jurisdiction of the state court over the Indian defendants in this case. Defendants argue that a lease of Taylor Grazing lands, even though located outside the boundaries of an Indian reservation, confers a "right" upon the lessee, Sproul v. Gilbert, 226 Or. 392, 359 P.2d 543, and that the Constitution denies the state court jurisdiction over the Indians because, in this instance, process was served upon them within the boundaries of lands "held" by such Indians. The contention is without merit.

██ A similar disclaimer clause in the Alaska Statehood Act was construed by the Supreme Court of the United States in Organized Village of Kake v. Egan, 369 U.S. 60, 82 S.Ct. 562, 7 L.Ed.2d 573, to be only a disclaimer of proprietary, rather than of governmental interest. We followed the Kake construction of the Alaska disclaimer clause in construing our constitutional provision. Montoya v. Bolack, 70 N.M. 196, 372 P.2d 387; State v. Warner, 71 N.M. 418, 379 P.2d 66. Neither title, right of possession, nor disposition of the Taylor Grazing lands leased by these Indians is drawn into question in this action. Civil jurisdiction over a suit on a promissory note against an Indian who does not live on a reservation is clearly a governmental and not a proprietary interest, and it follows that Art. XXI, § 2 of the New Mexico Constitution does not deny jurisdiction to the state court under the facts of the instant case.

██ As to matters not within the prohibition of the constitutional provision supra, the test of state court jurisdiction is whether the state action impinges on the right of *reservation* Indians to make their own laws and be governed by them. Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251. Cohen said, in his Handbook of Federal Indian Law, page 379:

"In matters not affecting either the Federal Government or the tribal relations, an Indian has the same status to sue and be sued in state courts as any other citizen."

See, also, Felix v. Patrick, 145 U.S. 317, 12 S.Ct. 862, 36 L.Ed. 719; Ke-Tuc-E-Mun-Guah v. McClure, 122 Ind. 541, 23 N.E. 1080, 7 L.R.A. 782.

These were not reservation Indians; service of process was not made within an Indian reservation; and no suggestion has been made that service of process upon these Indians on privately-leased lands would affect the authority of tribal Indians over reservation affairs or impinge on the right of reservation Indians to make their own laws or be governed by them. We find nothing in the constitutional provision invoked here, or in the decisions of the Supreme Court of the United States denying the state court jurisdiction under the facts here present.

■■ Error claimed upon the additional ground that the judgment is based on a promissory note which had theretofore been reduced to and merged in a judgment in plaintiff's favor and against these defendants by the Navajo tribal court cannot be considered on appeal because the question was not raised or ruled upon by the trial court. Supreme Court Rule 20(1) (§ 21–2–1(20)(1), N.M.S.A.1953); Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824; In re Guardianship of Caffo, 69 N.M. 320, 366 P.2d 848; Entertainment Corporation of America v. Halberg, 69 N.M. 104, 364 P.2d 358; Koran v. White, 69 N.M. 46, 363 P.2d 1038; Danz v. Kennon, 63 N.M. 274, 317 P.2d 321. The burden is upon appellant to show that the question presented for review was ruled upon by the trial court, Entertainment Corporation of America v. Halberg, supra, and such burden has not been sustained here. We find no fundamental error in the trial of this case or in the judgment therein as in Schaefer v. Whitson, 32 N.M. 481, 259 P. 618, and, therefore, no reason for this court to intervene in the absence of a ruling invoked by the lower court.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.