417 P.2d 51

Eugenia PAIZ, a minor by her mother and next friend, Olive Koteen, Plaintiff-Appellant,

v.

William O. HUGHES, Defendant-Appellee.

Timothy PAIZ, Administrator of the Estate of Lulu Largo Paiz, Deceased, Plaintiff-Appellant,

v.

William O. HUGHES, Defendant-Appellee.

No. 7885.

Supreme Court of New Mexico.

July 25, 1966.

Standley, Kegel & Campos, Santa Fe, for appellants.

Edwin L. Weisl, Jr., Asst, Atty. Gen., John F. Quinn, U. S. Atty., S. Billingsley Hill, A. Donald Mileur, Attys., Dept. of Justice, Washington, D. C., for the United States as amicus curiae.

Iden & Johnson, Richard G. Cooper, James T. Paulantis, Albuquerque, for appellee.

## OPINION

LaFEL OMAN, Judge, Court of Appeals.

The above cases have been consolidated for all purposes. The one case is a suit for personal injuries sustained by the minor plaintiff, Eugenia Paiz, and the other is a suit for the alleged wrongful death of Lulu Largo Paiz, brought by the Administrator of her estate, Timothy Paiz.

The cases arise out of an accident which occurred on April 8, 1964 on State Highway 95, within the territorial limits of the Jicarilla-Apache Indian Reservation in Sandoval County, New Mexico. The State of New Mexico has an easement over which it has constructed and maintains this highway in the area of the accident; but the underlying ownership of the lands remains in the Indians.

The plaintiffs were and are Indians and members of the Jicarilla-Apache Indian tribe. The decedent was also an Indian and a member of this tribe. The plaintiffs and decedent at all times resided on the reservation.

The defendant is not an Indian and does not reside on the reservation. He is a resident of Rio Arriba County, New Mexico.

The plaintiffs have alleged negligence on the part of defendant in driving his automobile into and against the persons of the plaintiff, Eugenia Paiz, and the decedent, Lulu Largo Paiz, while they were walking along said highway. The suits were filed in the District Court of Rio Arriba County.

The defendant moved the court to dismiss the cases upon the ground that the court lacked jurisdiction because the accident occurred on Indian lands and the control thereof has not been relinquished by the Congress of the United States. The motion was sustained, and the plaintiffs have appealed from the order and judgment dismissing their complaints. The United States of America has filed a brief as Amicus Curiae in which it has joined appellants in urging a reversal of the trial court's order and judgment.

The sole issue in these cases is whether or not the courts of New Mexico have jurisdiction over a cause arising out of alleged tortious conduct of a non-Indian committed against an Indian on an Indian reservation, and the suit has been filed by the Indian against the alleged tort-feasor in the New Mexico courts.

■ It has been held by this and other courts that an Indian has the same rights as are accorded to any other person to invoke the jurisdiction of State courts to protect his legal rights in matters not affecting either the Federal Government or tribal relations. Trujillo v. Prince, 42 N.M. 337, 78 P.2d 145; Tenorio v. Tenorio, 44 N.M. 89, 98 P.2d 838; Martinez v. Martinez, 49 N.M. 83, 157 P.2d 484; Red Hawk v. Joines, 129 Or. 620, 278 P. 572; Felix v. Patrick, 145 U.S. 317, 12 S.Ct. 862, 36 L.Ed. 719; Bonnet v. Seekins, 126 Mont. 24, 243 P.2d 317; Vermillion v. Spotted Elk, 85 N.W.2d 432 (N.D.1957).

■■ The propriety of suits by Indians against non-Indians in state courts has been recognized and approved by the Supreme Court of the United States. Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed. 2d 251. When Indians do invoke the jurisdiction of state courts, they are bound by the decisions of these courts, and they cannot be heard to complain of the adjudication by these courts of all claims and issues which can be and are properly asserted by or against them in suits which they have initiated. See United States v. Candelaria, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023, Tenorio v. Tenorio, supra; Martinez v. Martinez, supra; Red Hawk v. Joines, supra; Mars v. McDougal, 40 F.2d 247 (10th Cir.1930).

■ We have expressly recognized the right of an Indian to invoke the jurisdiction of the courts of New Mexico to protect his rights to recover for personal

injuries, and to protect rights conferred by our wrongful death statute. Trujillo v. Prince, supra.

The only difference in principle, if in fact there be a difference, between the case of Trujillo v. Prince and the present case, lies in the fact that in the case of Trujillo v. Prince the alleged tortious conduct on the part of the non-Indian occurred on a pubilc highway outside the territorial limits of an Indian reservation, whereas in the present case, such occurred within the territorial limits of an Indian reservation.

There are two reasons urged upon us why we should hold that these cases do not fall within the principles announced in Trujillo v. Prince and that the New Mexico court lacks jurisdiction. The first of these reasons is the disclaimer contained in Article 21, § 2, Constitution of New Mexico, whereby the people of New Mexico agreed and declared that they forever disclaimed all right and title to all lands lying within the boundaries of the state owned or held by any Indian or Indian tribes, the right or title to which shall have been acquired through the United States, or any prior sovereignty. We have heretofore held this to be a disclaimer of proprietary, rather than of governmental interest. Montoya v. Bolack, 70 N.M. 196, 372 P.2d 387; State v. Warner, 71 N.M. 418, 379 P.2d 66, Batchelor v. Charley, 74 N.M. 717, 398 P.2d 49.

The second reason urged for holding a lack of jurisdiction in the state court is that the accident out of which the causes arise occurred within the territorial limits of an Indian reservation, and in State v. Begay, 63 N.M. 409, 320 P.2d 1017, we held that the State of New Mexico lacks jurisdiction over acts of Indians on Indian lands. In the Begay case we held the state did not have jurisdiction over Indian lands, and consequently lacked criminal jurisdiction over an Indian for an offense committed on a public highway, where the underlying title to the lands over which the highway passed still remained in the Indians.

In Montoya v. Bolack, supra, in commenting on the decision in the Begay case, we observed:

" * * * Actually, this case need not have been put upon the 'exclusive jurisdiction' basis, at least to the extent attributed to it, inasmuch as it involved the trial of an Indian for a crime occurring on the reservation, and, without the consent of the Congress, the state had no jurisdiction, Donnelly v. United States, 1913, 228 U.S. 243, 33 S.Ct. 449, 57 L.Ed. 820."

The decision in the Begay case was expressly overruled in State v. Warner, supra, insofar as the same conflicts with the opinions in the cases of Your Food Stores, Inc. (NSL) v. Village of Espanola, 68 N.M. 327, 361 P.2d 950, and Montoya v. Bolack, supra. In the cases of Your Food

**566**

Stores, Inc. (NSL) v. Village of Espanola, supra; Montoya v. Bolack, supra; State v. Warner, supra, and Batchelor v. Charley, supra, we quoted with approval from the opinion in the case of Williams v. Lee, supra. In that case it was held that the test of the validity of state action is whether such action interferes with the right of reservation Indians to make their own laws and be ruled by them. The test is not, as was suggested by the opinion in State v. Begay, supra, the exclusive jurisdiction of the Indians, or of the United States, over Indian reservation lands.

In the case of Batchelor v. Charley, supra, we quoted from Cohen's Handbook of Federal Indian Law at 379 as follows:

"In matters not affecting either the Federal Government or the tribal relations, an Indian has the same status to sue and be sued in state courts as any other citizen."

Permitting the plaintiffs in these cases to prosecute their claims for personal injuries and alleged wrongful death, in the New Mexico courts, will not affect the rights of the Jicarilla-Apache Indians to make their own laws and be ruled by them, will not affect their tribal relations, and will not affect the rights of the Federal Government. In fact, as observed above, the Federal Government has filed a brief herein as Amicus Curiae, and one of the attorneys from the Department of Justice appeared and argued in support of the position of appellants.

We have considered the other arguments urged upon us by the appellee in support of the action of the trial court, but we are not persuaded by such arguments.

It follows from what has been said that the order and judgment of the trial court dismissing these cases for lack of jurisdiction over the parties and the subject matter should be reversed, and these cases should be reinstated on the docket of the district court of Rio Arriba County for further proceedings consistent herewith.

It is so ordered.

CHAVEZ, NOBLE and MOISE, JJ., and E. T. HENSLEY, Jr., C. J., Court of Appeals, concur.