### COLLARD v. BEACH

(Supreme Court, Appellate Division, First Department. April 22, 1904.)

1. COURTS—JURISDICTION—REFUSAL TO ASSUME—CONTROVERSIES BETWEEN NON-RESIDENTS.

In an action between nonresidents for a tort committed by one upon the other in the state of which both parties were residents, that no objection to the jurisdiction was made on the first trial of the action, and that by the pendency and trial of the action and the former appeal plaintiff had incurred large expenses, were insufficient grounds for the retention of jurisdiction.

2. SAME.

The calendars of the courts being so congested that it is difficult to administer speedy justice to litigants who are obliged to sue therein, it is proper that the courts should refuse to assume jurisdiction over actions

for tort committed in another state by one resident of that state upon another resident thereof.

3. SAME—PRIVILEGES OF CITIZENSHIP.
    It is not one of the privileges of a citizen of the United States to bring an action in any state against any person upon whom service can be had, regardless of residence, or of the nature of the cause of action, or where it arose.

Appeal from Special Term, New York County.

Action by George W. A. Collard against Frederick C. Beach. From an order denying a motion for a dismissal of the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William H. Lyons, for appellant.

Robert E. De Forest, for respondent.

LAUGHLIN, J. Upon a former appeal herein we pointed out the impropriety of the Supreme Court entertaining jurisdiction of this action, owing to the fact that the cause of action is for tort, and arose in another state, of which both parties were and are residents and citizens. 81 App. Div. 582, 81 N. Y. Supp. 619. We, however, refrained from a dismissal of the complaint, for the reason that the question was not raised at the trial, and the circumstances might have changed in the meantime. There is no controversy over the facts, and no objection was raised to the disposition of the question by motion at Special Term, rather than deferring it until the trial of the action. The complaint is on a cause of action for negligence which arose in the state of Connecticut, and it appears that both parties were there, ever since have been, and now are, citizens and residents of that state. No special fact or circumstance is shown upon which it is claimed that the court should retain jurisdiction, except that the objection was not raised by the defendant or by the court upon the first trial, and that by the pendency and trial of the issues and the former appeal the plaintiff has incurred large expenses. These facts all appeared or might have been presumed when our former opinion was written, and they are clearly insufficient. Collard v. Beach, 81 App. Div. 582, 81 N. Y. Supp. 619; Johnson v. Dalton, 1 Cow. 543, 13 Am. Dec. 564; Burdick v. Freeman, 46 Hun, 138; Wertheim v. Clergue, 53 App. Div. 122, 65 N. Y. Supp. 750; Belden v. Wilkinson, 44 App. Div. 420, 60 N. Y. Supp. 1083.

The appellant contends that by virtue of the statutory law of Connecticut the courts of that state would entertain jurisdiction of a cause of action for tort, arising in New York, where both parties were citizens and residents of New York, and that as a matter of comity, therefore, we should do likewise. No decision by any court of the state of Connecticut is cited in support of respondent's construction of the statutes of Connecticut, and we are not convinced that his construction is correct. But, however that may be, the calendars of the courts of this state are congested, and, it being difficult to administer speedy justice to litigants who are obliged to submit their controversies to our courts and have no other forum, it is eminently proper that we should

refuse jurisdiction over actions for tort that properly belong in another forum.

There is no force in the contention that it is one of the privileges of a citizen of the United States to bring an action in any state against any person upon whom service can be made therein, regardless of their or his residence, or of the nature of the cause of action, or where it arose. The assumption of jurisdiction in most cases would ordinarily be of such infrequent occurrence as not to materially interfere with the transaction of business by the courts; but in the metropolis of the country, toward which and in close proximity other states having large cities and thickly populated communities converge, and where there are almost countless people engaged in business who reside in other states, it would impose an undue burden upon the courts of our state if the practice were established of assuming jurisdiction in such cases.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, without costs. All concur; INGRAHAM, J., in result.