## KING v. SALYER, Adm'x.

No. 24786.   April 9, 1935.

Rehearing Denied April 30, 1935.

J. O. Cooke and Jeffrey & Fry, for plaintiff in error.

M. D. Hartsell, Green & Farmer, C. A. Summers, and Forrester Brewster, for defendant in error.

BUSBY, J.   This case originated in the county court of Muskogee county. It involves the validity of an order appointing May Salyer as the administratrix of the estate of Frank Marion King, deceased.

Frank Marion King was, at the time of his death, a resident of Muskogee county. His death was caused by injuries received on November 7, 1931, while he was working on a pipe line for Ford, Bacon & Davis. He died within a short time after receiving said injuries. His only estate consisted of a right of action for damages against his employers.

On the 23rd day of December, 1931, May Salyer, a sister of the deceased, filed in the county court of Muskogee county her petition for letters of administration in which she and her brother, Haskell King, were named as the only heirs at law of the deceased. The petition was accompanied by Haskell King's written waiver of right of appointment and nomination of May Salyer to act as administratrix.

The county court on the same day entered an order for immediate hearing without notice and at the hearing appointed May Salyer administratrix. She qualified as administratrix on the next day and letters of administration were issued.

The right of action for damages against Ford, Bacon & Davis was compromised with the sanction of the court and the administratrix received the money.

On the 16th day of September, 1932, E. D. King, father of the deceased, filed in the probate proceeding his petition alleging himself to be entitled to letters of administration. He asserted that fraud had been perpetrated upon the court for the reason that it was falsely stated in the petition for letters of administration that he was dead. He averred that he had neither knowledge nor notice of the filing of the petition for letters of administration or of the hearing thereof. He sought to set aside and vacate the previous order appointing an administratrix and that he be adjudged to be the sole and only heir of the decedent and that the letters of administration issued to May Salyer be revoked and that letters of administration be granted to him.

The administratrix, May Salyer, filed a response to the petition joining issue. The cause was heard the 13th day of October, 1932. The county court denied the petition of E. D. King. An appeal was then taken to the district court of Muskogee county, where the cause was heard by the district court. The petition was again denied. From the decision of the district court the petitioner, E. D. King, has appealed to this court.

The question of fact upon which the issue of fraud depended was: Did May Salyer at the time she procured her own appointment as administratrix of her brother's estate know that her father was alive? On this question there is a sharp conflict in the evidence. May Salyer, as a witness, testified, in substance, that she did not recall ever having seen her father prior to the time he appeared to enter this litigation; that she had been raised from a child of tender years to believe him dead, having been told that he was by her mother and others; that she in good faith believed him deceased at the time she was appointed administratrix.

On the other hand, E. D. King, the father,

testified that he was married to the mother of May Salyer and the deceased son in 1908; that in 1917 he was sent to the penitentiary for seven years "over the children" (the precise nature of the criminal charge not being stated) ; that although he had not lived in the same community with the children, he had seen his daughter on two or three occasions and that she had recognized him as her father.

The decision of the trial court, being general, is deemed to include a specific finding upon any disputed question of fact necessary to support the same. The trial court therefore found that May Salyer in good faith believed her father to be dead at the time she procured her own appointment as administratrix of her brother's estate.

The plaintiff in error challenges the finding of the trial court in this respect, asserting that it is not supported by the evidence. The challenge is without merit. The record amply supports the view that the misstatement of fact made by May Salyer respecting her father's death was unintentional. She practiced no fraud upon the county court.

It is also urged that Haskell King, the living brother of the deceased, knew his father was alive. Assuming that he did, his knowledge would have no legal effect unless he communicated the same to his sister, thereby advising her of the incorrectness of the statement respecting her father's status contained in her petition for appointment. There is no evidence of such a communication.

The next question to be determined is: Did the failure to give notice of hearing before appointing May Salyer administratrix render the appointment void? The answer is no. Section 1143, O. S. 1931, provides in part:

"* * * Provided that if the petition asks for the appointment of some person entitled under the law to appointment, and there shall accompany such petition a waiver of all persons having a prior right to appointment, then no notice shall be given, and the court shall proceed without delay to hear such petition."

In this case the county court in appointing the administratrix erroneously found that notice was unnecessary, and therefore none was given. This rendered the appointment voidable, but not void. In the case of In re Estate of Green (Green v. Yearger), 114 Okla. 283, 251 P. 1008, we said in paragraph 1 of the syllabus:

"The county court being one of general and exclusive jurisdiction in probate proceedings, its order appointing an administrator, reciting a waiver of notice and determining a person entitled to preference of an appointment, but erroneously finding that notice was unnecessary and erroneously finding that such person was entitled to such preference, is merely voidable, and, till set aside, is valid."

Thus the appointment of May Salyer as administratrix was valid until such time as it might be vacated or set aside. The question then arises: Should it have been vacated upon the petition of the father? The answer arises from the record in this case.

Assuming but not deciding that the father, E. D. King, was a fit and competent person to act as administrator of his son's estate (see section 1144, O. S. 1931) notwithstanding his prior conduct toward his children, and that 'he was entitled to be appointed or to request the appointment of some other competent person (see section 1135, O. S. 1931), an examination of the record in this case discloses that in the course of the hearing before the county court he waived those rights. ·

In the course of the hearing before the county court the following proceedings occurred:

"Whereupon, after some argument of counsel, the petitioner, E. D. King, withdraws his petition and request for appointment of administrator and waives any right as to appointment of administrator. E. D. King consents and waives that part of the application to have E. D. King appointed administrator at this time, but does not waive the right of E. D. King to be notified of any application for appointment of administrator."

And in the hearing in the district court the waiver was called to the attention of the court in the following manner:

"The Court: Now is that (referring to the waiver above quoted) a part of the proceedings in the county court that it was agreed could be used at this time? Mr. Brewster: Yes, sir. The Court: Is that correct, Mr. Cooke? Mr. Cooke: Yes, sir, Your Honor; that was done during the hearing before the county judge. Mr. Summers: And we want to call your honor's particular attention to that. The Court: All right, proceed."

The record was not clear as to the reason for this waiver on the part of the father. Possibly it was due to the fact that by the response of May Salyer his competency to act as administrator was being contested. Regardless of the motive, the fact remains

that the father waived his right to appointment and failed to nominate any other person. The purpose of notice to him at the beginning of the administration proceedings was to enable him to assert one of these rights. Since he waived one and failed to exercise the other, the trial court properly refused to vacate the order appointing May Salyer administratrix on the only theory urged, namely, that the order of appointment was void.

The decision of the trial court is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.