362 P.2d 1004

Louis VALDEZ and United States Fidelity and Guarantee Company, a corporation, Plaintiffs-Appellants,

v.

Johnnie JOHNSON, Defendant-Appellee.

No. 6746.

Supreme Court of New Mexico.

June 29, 1961.

Sheehan & Duhigg, Albuquerque, for appellants.

Bingham & Klecan, Albuquerque, for appellee.

CHAVEZ, Justice.

This is an appeal from a judgment of the district court of Bernalillo County, dismissing appellants' complaint and appellee's counterclaim on the ground that the district court lacked venue and jurisdiction.

Appellants, plaintiffs below, filed suit in Bernalillo County against appellee, defendant below, for damages arising out of a collision between the motor vehicles of appellant, Louis Valdez, and appellee, Johnnie Johnson, at Isleta Pueblo, Valencia County, New Mexico.

The complaint alleged that appellant, Louis Valdez, and appellee, Johnnie Johnson, are residents of Isleta, Valencia County, New Mexico, and that appellant, United States Fidelity and Guarantee Company, a corporation, is a foreign corporation authorized to do business in New Mexico. The complaint also alleged that the collision occurred across the Plaza at Isleta, New Mexico.

The trial court found as follows: That appellant, Louis Valdez, and appellee, John-

nie Johnson, were both residents of Isleta Pueblo, New Mexico; that the accident occurred within an area embraced by Valencia County, New Mexico; that the Pueblo Indians of New Mexico are under the jurisdiction of the United States; that the accident did not occur on land of the State of New Mexico; and that title to the land of the Isleta Pueblo was in the Indian Tribe and has never been extinguished.

The trial court then concluded that the State of New Mexico lacks jurisdiction over Indian lands within the State, unless the title of the Indian shall have been extinguished; that the lands involved are subject to the absolute jurisdiction of the Congress of the United States; that the title of the Pueblo Indians to their lands has never been extinguished; that no jurisdiction exists to try a civil dispute between two Indians living at the same Pueblo and arising out of an alleged civil wrong occurring at the Pueblo; and that no jurisdiction or venue exists in the district court of Bernalillo County to try such a lawsuit.

Appellants state two assignments of error. (The change in the rules requiring points relied on for reversal in lieu of assignments of error has been ignored. Sec. 21–2–1(15), subds. 14, 15). (A) That the lands of the Pueblo Indians in New Mexico are "territorially" a part of the State of New Mexico, within federal statutes concerning rights of Indians, for purposes of venue and residence in actions otherwise maintainable in New Mexico courts; and (B) that this action is "otherwise maintainable" in New Mexico courts.

Under assignment of error (A) appellants cite as authority the case of Tenorio v. Tenorio, 44 N.M. 89, 98 P.2d 838, which was a divorce suit filed in Sandoval County, involving two Indians, residents of Santo Domingo Pueblo. We recently had occasion to consider the question of jurisdiction of the State over Indians in Your Food Stores, Inc. v. Village of Espanola, 68 N.M. 327, 361 P.2d 950, 954, and in which case we discussed Tenorio v. Tenorio, supra, stating that the reasoning in Tenorio rested largely on the theory that the failure of Congress to act specifically amounted to an implied consent to the exercise of State jurisdiction. Justice Noble, speaking for the court in Your Food Stores, Inc. v. Village of Espanola, supra, said:

"* * * We think that the Pueblo Indian tribes possess inherent sovereignty except where it has been specifically taken from them by congressional action. This is additionally attested to by the fact that Congress did specifically act in 1953 to give its consent to the State to assume jurisdiction over the Indians within its boundaries, but prohibited the State from exercising such jurisdiction until the State should amend its Constitution or statute, as the case may be, removing

any legal impediment to such assumption of jurisdiction. Act of August 15, 1953, C. 505, §§ 6 and 7; 67 Stat. 590, * * * New Mexico has not seen fit to amend section 2 of Article XXI of the Constitution and has not accepted jurisdiction over the Indians."

We have considered Vermillion v. Spotted Elk, N.D.1957, 85 N.W.2d 432, however we are not impressed by that case. We adhere to the rule laid down in Williams v. Lee, 358 U.S. 217, 218, 79 S.Ct. 269, 3 L.Ed. 2d 251, which denied jurisdiction to the Arizona courts in a case wherein plaintiff, a non-Indian (an operator of a general store on the Navajo Indian Reservation), filed suit against a Navajo Indian and his wife for goods sold them on credit. Plaintiff was on the reservation and the transaction occurred there.

Sec. 51–17–1, N.M.S.A., 1953 Comp., and State v. Begay, 63 N.M. 409, 320 P.2d 1017, cited by appellants, are of no assistance to them.

In Your Food Stores, Inc. v. Village of Espanola, supra, we quoted with approval the statement in Felix S. Cohen's Handbook of Federal Indian Laws, p. 122, as follows:

"Section 2. The Derivation of Indian Powers. From the earliest years of the Republic the Indian tribes have been recognized as 'distinct, independent political communities' * *

and as such qualified to exercise powers of self-government, not by virtue of any delegation of powers from the Federal Government, but rather by reason of their original tribal sovereignty. * * *"

In State v. Begay, supra, we held that where the authority under which the State was permitted to construct a highway over a Navajo Indian Reservation failed to extinguish title of the Navajo Indian Tribe to the lands in question and, in view of the fact that the State had no jurisdiction over Indian lands until title of the Indian had been extinguished, the State did not have jurisdiction over an Indian driving an automobile on a portion of the highway in the Navajo Reservation.

Under assignment of error (B) appellants contend that this action is "otherwise maintainable" in New Mexico courts and cite § 21–1–1(17) (b), Rules of Civil Procedure, as well as Trujillo v. Prince, 42 N. M. 337, 78 P.2d 145.

There is no merit in appellants' contention. What we have said under assignment of error (A) is decisive of the issue raised by appellants.

Trujillo v. Prince, supra, was an action for wrongful death which arose out of a motor vehicle collision, and is not authority under the facts here present, although we realize it was relied upon in part in Vermillion v. Spotted Elk, supra. In that case

we assumed that the tort alleged to have been committed on a public highway was not committed on an Indian Reservation. We held in Trujillo v. Prince, supra, that a cause of action which an Indian acquires when a tort is committed against him outside of an Indian Reservation by a non-Indian is property, and where such Indian is killed as a result of such tort, the cause of action survives.

Finding no error in the record, the judgment of the district court is affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.