481 P.2d 530

Marie Frances RAY, a minor, by her Guardian, Thomas E. Allin, Jr., Appellant,

v.

Ronald W. SOMMER, as Administrator of the Estate of Frances D. Simmons, deceased, Appellee.

No. 2 CA–CIV 891.

Court of Appeals of Arizona, Division 2.

March 8, 1971.

Rehearing Denied April 1, 1971.

Review Denied May 4, 1971.

Paul G. Rees, Jr., Tucson, for appellant.

Chandler, Tullar, Udall & Richmond by D. B. Udall, Tucson, for appellee.

KRUCKER, Chief Judge.

This is an appeal from a judgment dismissing the plaintiff's complaint for the reason that the court lacked jurisdiction over the subject matter of the action. The dismissal was without prejudice to the plaintiff's right to file a complaint "within a proper jurisdiction."

This action was instituted to recover for personal injuries allegedly sustained by the minor plaintiff as a result of a collision between the vehicle in which she was riding as a passenger and a train. Pertinent allegations of the complaint are: That in 1968, defendant was appointed by the superior court of the State of Arizona and was qualified to act as Administrator of the Estate of Frances D. Simmons, deceased; that in 1961, the plaintiff was a passenger in an automobile driven by the decedent, her grandmother, in Bakersfield, California; that as a result of the "combined neglect" of the Santa Fe Railway and the decedent a collision between the train and the automobile occurred; and that as a direct and proximate result of this combined negligence, the minor plaintiff was seriously injured.

The responsive pleading of the defendant Administrator affirmatively alleged that the court lacked jurisdiction over his person, that it lacked jurisdiction to appoint him as an Administrator of the estate of the decedent, that there was an insufficiency of process and service of process upon him, and that the plaintiff's complaint was barred by the California Guest Statute. The occurrence of the accident was admitted and the decedent's negligence was denied.

At the pre-trial conference, counsel stipulated that the issue of jurisdiction in this matter should be tried to the court prior to trial on the merits of the case. The parties submitted the following written stipulated set of facts:

"1. That the accident in question occurred in Bakersfield, California, on September 14, 1961.

2. That the deceased driver of the automobile involved in the collision was the grandmother of the plaintiff child.

3. That at the time of the accident in question the defendant driver and her husband were residents of California.

4. That at the time of the accident the plaintiff and her parents were residents of California.

5. That the injured plaintiff subsequently was a resident of the State of Arizona, with her parents until about 1967.

6. That the injured plaintiff is now a resident of the State of Washington.

7. That the deceased Frances D. Simmons died in California and did not leave any physical estate in the State of Arizona. That her sole heir at law was her husband who still resides in the State of California.

8. That the court may take judicial notice of Probate File No. 39609.

9. That the court may consider as true the Affidavit of James R. Simmons which has been filed in this action."

At the time of filing the above-stipulated set of facts, counsel further stipulated in open court that the court might take judicial notice of File No. 41581, pertaining to the guardianship of the injured minor; that State Farm Mutual Insurance Company does business in the State of Arizona; that the plaintiff could file a certified copy of a document which would be a copy of an insurance policy issued by State Farm to the decedent (policy number was specified); and that certain documents attached to the plaintiff's pre-trial memorandum might be considered by the court as evidence to establish that notice of the claim had been given to State Farm. The court directed submission of memoranda by respective counsel, and after submission thereof the judgment from which this appeal was taken was entered.

It was the position of the defendant that the court lacked jurisdiction over the person of the defendant Administrator and

that the court lacked jurisdiction to appoint an Administrator for the estate of the decedent.[1]

■■ The affidavit of Mr. Simmons recited inter alia that following his wife's death, no probate was commenced and that he had received no notice of the application for Letters of Administration in Arizona. A.R.S. § 14–413 requires that a copy of a notice of hearing a petition for Letters of Administration be addressed to each heir of the decedent. However, granting of the letters without the statutory notice does not make the order void *ab initio* —it is only an irregularity for which letters may be revoked, i.e., the appointment is voidable but not void. King v. Salyer, 172 Okl. 130, 44 P.2d 11 (1935); In re Upton's Estate, 199 Wash. 447, 92 P.2d 210 (1939); 2 Bancroft's Probate Practice 2d Ed. § 278 at 145. No attempt was made to secure revocation of the letters issued in 1968, and they are immune from collateral attack on the grounds of lack of statutory notice.

■ In essence, the defendant's "jurisdictional" attack in this personal injury action is a collateral attack on the appointment of an Administrator. The validity of a person's appointment as a personal representative may not be collaterally attacked if there is no jurisdictional defect appearing on the face of the proceedings. State ex rel. American Flyers Airline Corp. v. Superior Court of Creek County, 435 P.2d 131 (Okl.1967). The general rule is stated in Annot. 123 A.L.R. 1225 as "* * * one who is, or who may become, liable to the estate of a deceased person, has no such interest in the estate as to support an attack, either direct or collateral, upon the appointment of the administrator * * *" except for want of jurisdiction.

The order appointing the defendant administrator contains a recitation that the decedent died intestate leaving the estate subject to administration in this jurisdiction,

and, generally speaking, the appointment of an administrator is conclusive as to the existence of assets within the jurisdiction. 2 Bancroft's Probate Practice 2d Ed. § 276. The petition for letters, however, shows on its face that the only property sought to be administered was an accident insurance policy issued by State Farm Insurance Company to cover liability arising out of the decedent's operation of an automobile.

The majority of jurisdictions have held that a liability insurance policy will support letters of administration as to a non-resident in a state in which the insurance carrier, such as here, is authorized to do business. E.g., Campbell v. Davis, 274 Ala. 187, 145 So.2d 725 (1962); Tweed v. Houghton, 103 Ga.App. 57, 118 S.E.2d 496 (1961); In re Riggle's Estate, 11 N.Y.2d 73, 226 N.Y.S.2d 416, 181 N.E.2d 436 (1962); In re Estate of Gardinier, 40 N.J. 261, 191 A.2d 294 (1963); In re Preston's Estate, 193 Kan. 145, 392 P.2d 922 (1964); Davis v. Cayton, 214 S.W.2d 801 (Tex.Civ. App.1948); In re Vilas' Estate, 166 Or. 115, 110 P.2d 940 (1941); In re Estate of Kandlbinder, 183 Neb. 178, 159 N.W.2d 199 (1968); In re Lawson's Estate, 18 Ill.App. 2d 586, 153 N.E.2d 87 (1958); Kimbell v. Smith, 64 N.M. 374, 328 P.2d 942 (1958); In re Breese's Estate, 51 Wash.2d 302, 317 P.2d 1055 (1957); In re Estate of Bernard, 183 So.2d 715 (Fla.Dist.App.1966); Robinson v. Dana's Estate, 87 N.H. 114, 174 A. 772 (1934); Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105 (1938); In re Fagin's Estate, 246 Iowa 496, 66 N.W.2d 920 (1954); In re Leigh's Estate, 6 Utah 2d 299, 313 P.2d 455 (1957); Milmoe v. Toomey, 123 U.S.App.D.C. 40, 356 F.2d 793 (1966). *See,* contra: Wheat v. Fidelity and Casualty Co. of New York, 128 Colo. 236, 261 P.2d 493 (1953), holding that the situs of the asset is the domicile of the insured.

However, in all of the above-cited cases approving issuance of letters of administration for the estate of a non-resident, there is some nexus with the forum state to

---

1. Additionally, defendant postulated that the plaintiff's claim was barred by the California Guest Statute. However, the trial court did not adjudicate this issue in view of its ruling on the question of jurisdiction.

justify the administration—either the accident occurred within its territorial jurisdiction or, as in the *Riggle's* case, supra, the accident occurred outside of the state but the plaintiff was a resident of the forum state.

Concededly, a tort action for damages arising out of an automobile action is transitory and may be entertained wherever jurisdiction of the parties can be obtained. Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924 (1960); Massengill v. Superior Court, 3 Ariz.App. 588, 416 P.2d 1009 (1966). Furthermore, such action can be maintained against a deceased tortfeasor's personal representative. A.R.S. § 14–477.

■ However, the stipulated facts submitted to the trial court indicate that the injured plaintiff was a nonresident as was the decedent tortfeasor; that the accident occurred outside of Arizona; and that the decedent left no physical estate within the borders of Arizona. Thus, it is clear that Arizona has no connection whatsoever with this negligence action. The trial court apparently concluded that the courts of this state should not permit jurisdiction to try a negligence action to be conferred by a device so simple and transparent as the one disclosed here, i.e., appointment of a local administrator. We find ourselves in accord with the disposition of this case under the factual posture presented.

Other courts have likewise taken a dim view of litigation being foisted upon them under similar factual situations. E.g., Hoes v. New York, New Haven & Hartford Railroad Co., 173 N.Y. 435, 66 N.E. 119 (1903); Pietraroia v. New Jersey & Hudson Railway & Ferry Co., 197 N.Y. 434, 91 N.E. 120 (1910); Ziemer v. Crucible Steel Co. of America, 99 App.Div. 169, 90 N.Y.S. 962 (1904); In re Yarbrough's Estate, 126 Wash. 85, 216 P. 889, 222 P. 902 (1923); McCoubrey v. Pure Oil Co., 179 Okl. 344, 66 P.2d 57 (1937); Mexican National Railroad Co. v. Jackson, 89 Tex. 107, 33 S.W. 857 (1896).

In Collard v. Beach, 81 App.Div. 582, 81 N.Y.S. 619 (1903), affirmed, 93 App.Div. 339, 87 N.Y.S. 884 (1904), the Supreme Court of New York stated:

"The habit of importing such litigations as this into this jurisdiction, consuming the time of the courts, and requiring the people of the state of New York to bear the burden and expense of trying actions which ought to have been brought in other jurisdictions, where the home courts of litigants are open to afford adequate remedies, has become a great abuse and a just subject of complaint and protest. If it is to be encouraged, as was said in Hoes v. New York, N. H. & H. R. Co., 173 N.Y. [435] 441, 66 N.E. 119, the flood gates of litigation in similar cases will be wide open, 'if not to establish a new legal industry, at all events to impose upon our already overworked courts the obligation to try actions imported from foreign jurisdictions.'" 81 N.Y.S. at 621.

We agree.

For this reason, we find no error in the trial court's dismissal of the action and affirm.

HATHAWAY and HOWARD, JJ., concur.