565 P.2d 522

Jose ENRIQUEZ and Celestine Enriquez, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Hon. Robert O. Roylston, Judge thereof, Eugene JOYNER and Constance Joyner, Real Parties in Interest, Respondents.

No. 2 CA–CIV 2330.

Court of Appeals of Arizona, Division 2.

Jan. 14, 1977.

Rehearing Denied March 29, 1977.

Review Denied May 10, 1977.

Sandra K. Pharo, Papago Legal Services, Sells, for petitioners.

Gordon T. Alley, Tucson, for real parties in interest.

## OPINION

HOWARD, Chief Judge.

The issue presented in this special action is whether or not the Arizona courts have jurisdiction of an action brought by non-Indians against Papago Indians, residing on the Papago Reservation, for injuries resulting from a motor vehicle accident which occurred on a state highway within the boundaries of the Papago Reservation.

In 1973, Mr. and Mrs. Joyner filed a tort action in Pima County Superior Court against petitioners Enriquez. Petitioners filed a responsive pleading and moved to dismiss the action asserting lack of jurisdiction over the subject matter of the action and lack of jurisdiction over their persons. A hearing was duly held on the motion to dismiss at which petitioners were present and testified. Counsel stipulated that the

accident occurred on State Highway 86 near Kitt Peak, on the Papago Indian Reservation, that the plaintiffs were non-Indians, and that the defendants were both Indians. The court, in denying the motion to dismiss, ruled that since the accident occurred on State Highway 86, the superior court had jurisdiction of the action.

Respondents analogize the circumstances here to the situation where an accident occurs in a foreign country or a sister state and jurisdiction is sought in the courts of another state. See, *Ray v. Sommer,* 14 Ariz.App. 160, 481 P.2d 530 (1971) and *Moore v. Montes,* 22 Ariz.App. 562, 529 P.2d 716 (1974). Thus respondents argue that since a tort action for damages arising out of an automobile accident is transitory and may be entertained wherever jurisdiction of the parties can be obtained, *Ray v. Sommer,* supra, jurisdiction in the state court is proper. We do not agree. When dealing with accidents on an Indian reservation where relief is sought against an Indian living on the reservation, the analogy is imperfect.

■ In litigation between Indians and non-Indians arising out of conduct on an Indian reservation, resolution of conflicts between the jurisdiction of state and tribal courts have depended, absent a governing act of Congress, on "whether the state action infringed on the right of reservation Indians to make their own laws and be ruled by them." *Williams v. Lee,* 358 U.S. 217, 220, 79 S.Ct. 269, 271, 3 L.Ed.2d 251 (1959); *Fisher v. District Court of Sixteenth Judicial District,* 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976).

We analyze the problem here by first looking at where the accident took place. State Highway 86 is an easement which was granted to the State of Arizona by the Tribe. In *Schantz v. White Lightning,* 231 N.W.2d 812 (N.D.1975), as in the instant case, an action was brought in the state court by a non-Indian against an Indian for injuries and damages resulting from a motor vehicle accident occurring on a state highway traversing Indian reservations. There, the court concluded that highways within an Indian reservation are considered Indian country in accordance with the federal definition set forth in 18 U.S.C.A. § 1151. Our Supreme Court in the case of *Application of Denetclaw,* 83 Ariz. 299, 320 P.2d 697 (1958), also held that the granting of an easement for a highway running through the reservation did not alter the status of the highway as being "Indian country". Although the definition of "Indian country" as set forth in 18 U.S.C.A. § 1151 is concerned only with criminal jurisdiction, the United States Supreme Court has recognized that it generally applies as well to questions of civil jurisdiction. *De-Coteau v. District County Court for Tenth Judicial District,* 420 U.S. 425, 95 S.Ct. 1082, 1084, fn. 2, 43 L.Ed.2d 300 (1975).

■ The next consideration is the Indians' right of self-government. The Court in *Schantz v. White Lightning,* supra, also found that assumption of jurisdiction by the state court would infringe upon the right of reservation Indians to make their own laws and be governed by them. We agree. Their right of self-government includes the right to decide what conduct on the reservation will subject the Indians living there to civil liability in the Tribal court. The fact that the record here does not disclose whether the Tribal court does in fact provide a forum for the recovery for personal injuries is of no moment since assumption of jurisdiction by the state court would be, in effect, a declaration by a state court that such conduct is tortious, a declaration that only the Papago Tribe can make.

The transitory nature of the claim for relief has no effect on the question of jurisdiction. Cf. *Williams v. Lee,* supra.

The relief prayed for is granted and the respondent court is ordered to grant petitioner's motion to dismiss.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: JACK G. MARKS was called to sit and participate in the determination of this decision by order of the Chief Justice, Arizona Supreme Court.