640 P.2d 941

**James E. HARTLEY, Plaintiff-Appellant,**

v.

**Gordon BACA, Defendant-Appellee.**

**No. 4921.**

Court of Appeals of New Mexico.

July 2, 1981.

Civerolo, Hansen & Wolf, P. A., Wayne C. Wolf, Kathleen Davison Lebeck, Albuquerque, for plaintiff-appellant.

Sommer, Lawler & Scheuer, P. A., Candace Kern, Santa Fe, for defendant-appellee.

## OPINION

SUTIN, Judge.

James E. Hartley filed a Complaint in the District Court of Otero County seeking damages for personal injury and property damage resulting from a vehicular accident with Gordon Baca, an Indian, in the vicinity of the entrance to Santa Clara Pueblo on State Road 30. Hartley was operating a motorcycle. Baca was operating a pickup truck.

Baca filed a Motion to Dismiss, contending that the court was without subject matter jurisdiction in that the accident occurred entirely on Santa Clara Pueblo land. On the day of the hearing on the Motion, Baca filed his affidavit. He deposed as follows: (1) that he was a fullblooded Santa Clara Indian and at all times material he was a permanent resident of Santa Clara Pueblo; (2) that he was involved in a collision between his pickup truck and Hartley's motorcycle; and (3) that the collision occurred entirely within the exterior boundaries of the Santa Clara Pueblo.

After hearing argument on the Motion to Dismiss, the court informed the parties that if the accident had occurred within the exterior boundaries of the reservation, the court would sustain the Motion to Dismiss. The court placed the burden upon Hartley to overcome Baca's affidavit as to the location of the accident, allowing ten days for the filing of an opposing affidavit.

No opposing affidavit was filed. The court entered its Order of Dismissal for lack of subject matter jurisdiction. Hartley appeals. We affirm.

The issue in this appeal is:

Does the District Court of Otero County have jurisdiction over a suit brought by a non-Indian against an enrolled member of the Santa Clara Pueblo to recover damages sustained as a result of a tort which occurred within the boundaries of the Santa Clara Pueblo?

The Answer is "No."

A. *Otero County District Court lacked jurisdiction.*

The parties overlooked two cases directly on point under identical facts and circumstances. *Schantz v. White Lightning*, 231

N.W.2d 812 (N.D.1975); *Enriquez v. Super. Ct. In And For County of Pima*, 115 Ariz. 342, 565 P.2d 522 (1977). In both cases, non-Indians brought suit in a state court against an enrolled Indian for injuries and damages that resulted from a motor vehicle accident which took place on a state highway traversing an Indian reservation. In each case the tribe had not accepted state jurisdiction as permitted by Congress. As a result, both courts applied the "infringement test"—that state action infringed on the right of tribal Indians to make their own laws and be ruled by them. In each case the appellate court held that state courts lacked jurisdiction. See also, *Kain v. Wilson*, 83 S.D. 482, 161 N.W.2d 704 (1968).

■ State action which substantially impinges on Indian reservation rights to make their own laws and to govern themselves is impermissible. This rule does not apply where two Indians who live in a Pueblo have an accident on Pueblo land and sue each other for damages. *Valdez v. Johnson*, 68 N.M. 476, 362 P.2d 1004 (1961). For a general review, see Ransom and Gilstrap, *Indians-Civil Jurisdiction in New Mexico-State, Federal and Tribal Courts*, 1 N.M.L.Rev. 196 (1971).

In *Chino v. Chino*, 90 N.M. 203, 561 P.2d 476 (1977), two analytical schemes were utilized in resolving a jurisdictional issue. Citing *McClanahan v. Arizona State Tax Comm'n*, 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973) and *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973), the court noted that recent case law "shifts the focus of analysis to the relevant treaties and statutes governing the tribes, and whether or not they would preempt state jurisdiction." *Chino, supra*, 90 N.M. at 205, 561 P.2d 476. The court then approached the issue applying the "infringement test" set forth in *Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1951). Writing for the court in *Williams*, Justice Black framed the test as follows:

> * * * Essentially, absent governing Acts of Congress, the question has always been whether the state action infringed on the right of reservation Indians to make their own laws and be ruled by them. [358 U.S. at 220, 79 S.Ct. at 270.]

In applying the "infringement test," the *Chino* court utilized the following criteria: (1) whether the parties are Indians or non-Indians; (2) whether the cause of action arose within the Indian reservation; and (3) the nature of the interest to be protected. *Chino, supra*, 90 N.M. at 206, 561 P.2d 476.

■ In the instant case, (1) Hartley was a non-Indian and Baca was an Indian; (2) the accident occurred on State Road 30 within the exterior boundaries of the Santa Clara Pueblo. There is no evidence before us concerning the legal status of the road; (3) the nature of the interest to be protected is the right of Baca to be heard in the Santa Clara Tribal Court under its tribal laws.

To allow the District Court of Otero County to assume jurisdiction would run afoul of the "infringement test."

The District Court of Otero County lacked jurisdiction to hear this case.

**B.** *Baca met his burden of proving lack of jurisdiction in state court.*

■ Hartley argues that Baca failed to meet his burden of proving lack of jurisdiction in the state court. The first case relied upon was *State v. Cutnose*, 87 N.M. 307, 532 P.2d 896 (Ct.App.1974). The majority found that, having made a jurisdictional challenge, Cutnose bore the burden of demonstrating a lack of jurisdiction and since he presented no evidence, he failed to meet his burden. In *State v. Columbia Research Corp.*, 92 N.M. 104, 583 P.2d 468 (1978), a defendant challenged the court's in personam jurisdiction. He stated under oath that he had never been physically within this State, that he had not transacted any business within this State, and that he had not done any act which would subject him to the personal jurisdiction of any court of the State of New Mexico. Consequently, the State had the burden of proving jurisdictional allegations at the hearing on the defendant's motion to dismiss. In the instant

case there was an uncontested affidavit of Baca that the state court lacked jurisdiction and that the tribal court did have jurisdiction.

Baca met his burden of proving lack of jurisdiction in the state court. The trial court properly placed the burden upon Hartley to come forward with an opposing affidavit. Hartley failed to comply.

We conclude that the decision of the district court in entering its Order of Dismissal was correct and we affirm.

Costs are assessed against Hartley.

HERNANDEZ, C. J., and WOOD, J., concur.