734 P.2d 754

**FOUNDATION RESERVE INSURANCE COMPANY, INC., Plaintiff-Appellee,**

v.

**Oneva W. GARCIA and Joseph Garcia, Defendants-Appellants.**

No. 16342.

Supreme Court of New Mexico.

March 20, 1987.

Carol J. Vigil, Santa Fe, for defendants-appellants.

Felker & Ish, Carol J. Ritchie, Mark L. Ish, Santa Fe, for plaintiff-appellee.

**OPINION**

SOSA, Senior Justice.

Plaintiff Foundation Reserve Insurance Company, Inc. (Foundation Reserve) brought a declaratory judgment action in the District Court of San Miguel County seeking a determination of its duties and responsibilities under an insurance policy issued to defendant Oneva Garcia. The district court concluded that it had jurisdiction over the parties and subject matter of this cause. We affirm.

Defendants Joseph and Oneva Garcia (Garcias), husband and wife, are both Indians who reside on the reservation of the Pueblo of San Juan. Defendant Oneva Garcia is an enrolled member of the Cherokee Tribe and defendant Joseph Garcia is an enrolled member of the Pueblo of San Juan.

On or about July 13, 1984, defendant Oneva Garcia obtained a Foundation Reserve automobile insurance policy from Finch/Talbot Insurance Agency, Inc., which is located in Espanola, New Mexico. The policy contained an exclusory en-

dorsement which stated that Foundation Reserve would not be liable for losses or damages sustained while the automobile was driven or operated by defendant Joseph Garcia. On March 30, 1985, the Garcias had an automobile accident within the exterior boundaries of the Pueblo of San Juan.

On June 19, 1985, Foundation Reserve initiated a declaratory judgment action in the Fourth Judicial District of New Mexico, San Miguel County. The Garcias entered a special appearance and moved to dismiss for lack of subject matter jurisdiction and personal jurisdiction, asserting that the San Juan Tribal Court possessed exclusive jurisdiction. A hearing was held on the motion. The court found: (1) that the Garcias are Indians residing on the reservation of the Pueblo of San Juan; (2) that on March 30, 1985, the Garcias had an automobile accident within the exterior boundaries of the Pueblo of San Juan; and (3) that defendant Oneva Garcia applied for the insurance policy at issue through Finch/Talbot Insurance Agency, Inc., whose offices are located in Espanola, New Mexico, outside the exterior boundaries of the Pueblo of San Juan. The district court's findings on these matters are not challenged. Based on these findings, the court concluded that it had subject matter jurisdiction over the cause of action and personal jurisdiction over the Garcias. The matter then proceeded to a bench trial on January 3, 1986. The court found that defendant Joseph Garcia was driving the insured automobile when the accident occurred, and so the exclusionary provision applied, thus resulting in no liability for Foundation Reserve.

The sole issue on appeal is whether the state court has jurisdiction in a declaratory judgment action, filed by a non-Indian plaintiff, arising out of an insurance agreement that was entered into outside the exterior boundaries of an Indian reservation.

■ The test for determining whether a state court has jurisdiction over causes of action involving Indian matters is set forth in *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). In *Williams* the United States Supreme Court framed the question as being "whether the state action

infringed on the right of reservation Indians to make their own laws and be ruled by them." *Id.* at 220, 79 S.Ct. at 271. This language has become known as the infringement test. In applying this test, we have considered the following criteria: (1) whether the parties are Indians or non-Indians; (2) whether the cause of action arose within the Indian reservation; and (3) what is the nature of the interest to be protected. *Chino v. Chino,* 90 N.M. 203, 206, 561 P.2d 476, 479 (1977).

■ In applying these factors to this case, it is undisputed that the defendants are Indians and that the plaintiff is a non-Indian. The next factor concerns where the cause of action arose. The Garcias maintain that the cause of action arose on the reservation when the accident occurred. They, in essence, define the cause of action as being one in tort. We disagree.

This case is unlike the New Mexico Court of Appeals' decision in *Hartley v. Baca,* 97 N.M. 441, 640 P.2d 941 (Ct.App.1981), *cert. quashed,* 98 N.M. 51, 644 P.2d 1040 (1982), where a non-Indian plaintiff sought damages in state court for personal injury and property damage resulting from an automobile accident that occurred on an Indian reservation. The Court of Appeals, applying the infringement test, properly affirmed the district court's dismissal of the action for lack of subject matter jurisdiction. *Id.* at 443, 640 P.2d at 943. The facts in the instant case differ from those found in *Hartley v. Baca.* Here the transaction giving rise to this declaratory judgment arose off the reservation. This dispute involves the determination of obligations arising from the insurance agreement that was entered into in Espanola, New Mexico, outside the boundaries of the Pueblo of San Juan. Thus, the declaratory judgment proceeding, based on the insurance policy, cannot be appropriately characterized as litigation arising on the Indian reservation.

When the cause of action arises off the reservation, a state court can obtain jurisdiction over Indians who reside on an Indian reservation. *See State Securities, Inc. v. Anderson,* 84 N.M. 629, 506 P.2d 786 (1973). Furthermore, based on our application of the infringement test, the nature of the interest to be protected (i.e., the right

**516**

of an Indian defendant to be heard in Tribal Court and be ruled by his own laws) has not been infringed upon by state action. Therefore, under these circumstances, the state court has concurrent jurisdiction with the San Juan Tribal Court.

 This is not to say that exclusive tribal jurisdiction could not exist under the appropriate circumstances. Exclusive tribal jurisdiction exists where an action involves a proprietary interest in Indian land, *see Chino v. Chino*, 90 N.M. at 206, 561 P.2d at 479; or when an Indian sues another Indian on a claim for relief recognized only by tribal custom and law, *see Native Am. Church of N. Am. v. Navajo Tribal Council*, 272 F.2d 131 (10th Cir.1959); or when an Indian is being sued by a non-Indian over an occurrence or transaction arising in Indian country, *see Williams v. Lee*, 358 U.S. at 223, 79 S.Ct. at 272.

Finally, we find no corresponding decline in the authority of the San Juan Tribal Court. The Pueblo of San Juan Tribal Code § 03.03(5) states:

> The jurisdiction invoked by this Code over any person, cause of action or subject matter shall be concurrent with any valid jurisdiction over the same by the courts of the United States, any states, or any political subdivision thereof; provided, however, this Code does not recognize, grant, or cede jurisdiction to any other political or governmental entity in which jurisdiction does not otherwise exist in law.

This code recognizes that state courts can have concurrent jurisdiction with the Tribal Court so long as the state court is properly exercising subject matter jurisdiction and personal jurisdiction.

Finding subject matter and personal jurisdiction in the district court, we affirm its judgment.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.