NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In the Matter of the Estate of:

RUMAIN BRISBON, *Deceased*.

---

NORA BRISBON, et al., *Petitioners/Appellees*,

*v.*

MYKEL CHAMBERS, *Respondent/Appellant*.

No. 1 CA-CV 16-0711
FILED 1-18-2018

---

Appeal from the Superior Court in Maricopa County
No. PB2015-000082
The Honorable Edward W. Bassett, Judge *Retired*

**AFFIRMED AS MODIFIED**

---

COUNSEL

Jennings, Haug & Cunningham, LLP, Phoenix
By Hillary P. Gagnon
*Counsel for Petitioners/Appellees*

Jenkins Law Firm, Phoenix
By LaShawn D. Jenkins
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Peter B. Swann joined.

**T H U M M A**, Chief Judge:

¶1        Mykel Chambers appeals the superior court's order vacating her appointment as personal representative of the Estate of Rumain Brisbon. For the following reasons, the order is affirmed as modified to reflect that Chambers' appointment was not void.

## FACTS AND PROCEDURAL HISTORY

¶2        Brisbon was the father of four minor children. The month after Brisbon's death, Chambers (the mother of one of his children) petitioned the superior court to appoint her as personal representative for his estate. Chambers averred that her child would be entitled to priority for appointment as personal representative but for the child's minor age, and that she had the right to stand in her child's place. Chambers' petition identified as heirs three of Brisbon's four minor children. The proof of mailing stated Chambers mailed a copy of the petition to her own child (in care of herself), to Brisbon's mother and to two of the other three minor children, in care of an attorney.

¶3        After a hearing on the petition, attended by Chambers and the mother of one of the other minor children, the court found Chambers had provided required notice and appointed Chambers personal representative. Chambers then filed a wrongful death action on behalf of the estate and Brisbon's statutory beneficiaries.

¶4        The following year, Brisbon's mother and the mothers of Brisbon's other three minor children (collectively Appellees) filed a petition to remove Chambers as personal representative and appoint Brisbon's mother as successor personal representative. They argued two grounds for Chambers' removal: (1) her failure to give proper notice of her petition for appointment to any of the minor children (except her child) and (2) her alleged improper conduct as personal representative.

**¶5**          After an evidentiary hearing, the court vacated the February 2015 order appointing Chambers as personal representative, finding it was void because the court lacked personal jurisdiction over three of Brisbon's children when it appointed Chambers. The court then appointed Brisbon's mother as successor personal representative.

**¶6**          This court has jurisdiction over Chambers' timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(9) (2017).[1]

## DISCUSSION

**¶7**          Chambers does not challenge the superior court's decision to remove her as personal representative, but argues the court erred by ruling that her appointment was void.[2] This court reviews de novo the superior court's legal conclusions. *In re Estate of Rodriguez*, 215 Ariz. 358, 362 n.3 (App. 2007).

**¶8**          Chambers initiated a formal proceeding for adjudication of intestacy and appointment as personal representative. *See* A.R.S. § 14-3203(E)(2) (stating court must conduct formal proceedings for appointment of personal representative when priority is shared by two or more heirs and one or more has not renounced or concurred in nominating the person who has applied for appointment). Accordingly, Chambers was required to notify any interested persons of the hearing on the petition. A.R.S. § 14-3402(A); A.R.S. § 14-1401(A). The record indicates she failed to do so, with this appeal turning on whether that failure means her appointment was void or voidable.

**¶9**          The applicable statutes do not state that the appointment of a personal representative is void if he or she fails to comply with the notice requirement. Indeed, notice to interested parties in a probate matter is non-

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[2] Appellees move to strike Chambers' reply brief, claiming it raises new issues and makes factual assertions not supported by the record. Although that motion is denied, this court limits its analysis to the issues raised in the opening brief. *See Romero v. Sw. Ambulance*, 211 Ariz. 200, 204 ¶ 7 n.3 (App. 2005); *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990).

jurisdictional and, therefore, an order issued without proper notice is "voidable but not void ab initio." *Matter of Ivester*, 168 Ariz. 323, 327(App. 1991).[3] "A duly appointed representative of an estate, even if he should not rightfully be in that office, serves with authority until he is removed; his appointment is voidable, not void." *Duncan v. Progressive Preferred Ins. Co. ex rel. Estate of Pop*, 228 Ariz. 3, 8 ¶ 20 (App. 2011) (quoting *Bennett v. Nichols*, 250 S.W.3d 673, 679 (Ky. Ct. App. 2007)). As stated in *Duncan*, the failure to provide proper notice to potential heirs by an estate's special administrator in seeking appointment "do[es] not render the appointment void." 228 Ariz. at 8 ¶ 20; *cf. Matter of Wilcox Revocable Trust*, 192 Ariz. 337, 340 ¶¶ 12-14 (App. 1998) (ruling that a party's failure to notify all interested parties of her request for a preliminary injunction restricting trustees' actions did not negate the effectiveness of the injunction as to those non-notified persons).

¶10         That such an appointment is voidable but not void is consistent with the Arizona Probate Code's directive that a personal representative's actions on behalf of an estate before he or she is properly appointed are not void. *See* A.R.S. § 14-3701 (stating personal representative's duties and powers commence upon appointment and relate back to give effect to acts performed prior to appointment that are beneficial to the estate); A.R.S. § 14-3702 (stating, when a court erroneously appoints a second personal representative before it terminates the first personal representative's appointment, any acts of the second personal representative made in good faith without notice of the first appointment "are not void for want of validity of appointment").

¶11         Given this authority, the order appointing Chambers was voidable (but not void), given the court lacked personal jurisdiction over the minor heirs whom Chambers failed to notify of her petition. The court had subject matter jurisdiction over the proceedings, *see* Ariz. Const. art. 6 § 14(8); A.R.S. § 14-1302(A)(1), and personal jurisdiction over Chambers, A.R.S. § 14-3602. Arizona law did not require the court to obtain personal jurisdiction over all Brisbon's heirs in order to appoint a personal representative or administer his estate. *See* A.R.S. § 14-3105(B) (stating superior court may determine any matter affecting the administration of a

---

[3] Appellees point out that the interested party in *Ivester* had actual—if not statutory—notice. That distinction, however, does not impact the court's statement that personal notice of probate proceedings is non-jurisdictional. *See also Ray v. Sommer*, 14 Ariz. App. 160, 162 (1971) (holding appointment of estate administrator, without notice to decedent's husband, was "voidable but not void").

decedent's estate after notice to interested persons and the proceedings will bind notified persons, *even if less than all interested persons received notice*) (emphasis added); *see also* A.R.S. § 14-3705 (requiring a personal representative to notify heirs and devisees of his or her appointment within thirty days and stating that failure to do so is "a breach of the personal representative's duty to the persons concerned but does not affect the validity of the appointment or the personal representative's powers or other duties."). Accordingly, although voidable, the appointment of Chambers as personal representative was not void.

## CONCLUSION

**¶12**        The order vacating Chambers' appointment as personal representative is affirmed as modified to reflect that the original appointment was not void. Appellees' request for an award of attorneys' fees on appeal pursuant to A.R.S. § 14-1105(A) is denied because Chambers has not acted unreasonably in this appeal. Chambers is awarded her taxable costs upon her compliance with Arizona Rule of Civil Appellate Procedure 21.

